Requestor: Major General Lawrence P. Flynn, New York Army National Guard The Adjutant General Division of Military and Naval Affairs 330 Old Niskayuna Road Latham, New York 12110-2224
Written by: Robert Abrams, Attorney General
You have asked whether State civilian employees in the Division of Military and Naval Affairs and members of the families of soldiers stationed in State armories may attend religious services conducted by military chaplains in armories for members of the military units stationed in those armories. Military Law, § 183(4) provides that "[a]n armory shall not be used for political or religious purposes". Your request recites that this provision "has long been interpreted not to preclude religious services conducted by Chaplains for members of the militia units stationed in the armories".
Permitting civilian employees of the Division of Military and Naval Affairs and the families of military personnel to attend these services does not run afoul of the Establishment Clause of the First Amendment of the United States Constitution.* The Second Circuit has held that military chaplaincy programs themselves do not violate the Establishment Clause (Katcoff v Marsh, 755 F.2d 223 [2d Cir, 1985]). In the course of this decision, the Court observed that "[t]he primary function of the military chaplain is to engage in activities designed to meet the religious needs of a pluralistic military community, including military personnel and their dependents" (id., at 226 [emphasis supplied]; id., at 231-232; see also, id., at 228 [military chaplains "engage in a wide variety of services to military personnel and their families who wish to use them"]).
In our view, if chaplaincy programs are themselves constitutionally permissible, then voluntary attendance at such services by the "military community", including both civilian employees and the families of military personnel is entirely proper. (Your inquiry presumes that the conduct of religious services in armories by chaplains for members of the militia unit stationed in the armories is proper.) Van Zandt v Thompson,839 F.2d 1215 (7th Cir, 1988), supports this conclusion. Van Zandt upheld against an Establishment Clause challenge the creation by the Illinois State Legislature of a "prayer room" in the State Capitol building. Although this room was "primarily" for the use of members of the Legislature, it was also open to the public (id., at 1219). The Court observed that the constitutional guarantee of the free exercise of religion did not compel facilitation of the legislators' (or their visitors') religious worship, but did permit it (id., at 1224). As inKatcoff, the Court concentrated on the constitutional permissibility of the State action insofar as it facilitated the religious worship of a particular targeted group (i.e., soldiers or legislators). It appeared to assume that, if the action survived constitutional scrutiny with regard to this group, it would be valid with respect to other groups (i.e., the "military community" or the general public) that might also take advantage of it.
We conclude that if a State-sponsored program of worship itself survives Establishment Clause scrutiny with respect to those for whose benefit it is chiefly designed, there is no constitutional infirmity if the program allows voluntary participation either by the general "military community" or by any persons other than those for whom it is "primarily" intended.
* The State Constitution guarantees religious freedom, but does not address the issue of the establishment of religion (see N Y Const, Art1, § 3).